Darrell J. York, Esq. (SBN 145601)
Sarah L. Garvey, Esq. (SBN 202491)
YORK & GARVEY
27240 Turnberry Lane, Suite 200
Valencia, CA  91355
Telephone:  (866) 908-2121
Telecopier:  (877) 221-3306
Email:  djylaw@gmail.com
Email:  sarahgarvey@yahoo.com

Attorneys for Plaintiff LAURIE E. ALLEN, individually and successor in interest to Keith W. Allen, decedent

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE E. ALLEN, individually and as successor in interest of Keith W. Allen, deceased,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD STOTT; MIKE WOMACK; and DOE CHP OFFICERS 3-10, each an individual, inclusive,<br><br>　　　　　　Defendants. | Case No.  2:13-CV-01821-GEB-EFB<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>1. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>3. Substantive Due Process—(42 U.S.C. § 1983) |

**JURY TRIAL DEMANDED**

Plaintiff LAURIE E. ALLEN (the "Plaintiff or "MRS. ALLEN"), individually and as successor in interest of Keith W. Allen, deceased, upon information and belief alleges the following:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages for the death of Keith W. Allen ("MR. ALLEN") at the hands of one or more California Highway Patrol

1

("CHP") officers on September 5, 2011. Plaintiff is the surviving spouse of MR. ALLEN.

2. Each Defendant proximately caused Plaintiff's and decedent's injuries and is liable directly, by integrally participating or failing to intervene in the actions or inactions that caused the death of MR. ALLEN, by engaging in other acts and/or omissions around the time of the death that resulted in the death of MR. ALLEN, or under principles of supervisory liability.

## JURISDICTION AND VENUE

3. This case arises under 42 U.S.C. §1983 and 1988. This Court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this Court because the events, occurrences, acts and omissions giving rise to this action occurred in the County of Sacramento, California.

## PARTIES

5. At all relevant times, decedent MR. ALLEN was an individual residing in the County of Sacramento, California. He died on September 5, 2011 after an apparent altercation with Defendant CHP officer RONALD STOTT (Badge No. 14281); CHP officer MIKE WOMACK (Badge No. 11179); and possibly other DOE California Highway Patrol officers. MR. ALLEN would have been the plaintiff in the survival causes of action alleged herein if he had lived.

6. Plaintiff MRS. ALLEN is the surviving wife of decedent MR. ALLEN and a successor in interest to MR. ALLEN. She brings causes of action in her own behalf and as successor in interest to MR. ALLEN. As soon as practicable after filing this First Amended Complaint, MRS. ALLEN will execute and file the declaration required by California Code of Civil Procedure Section 377.32.

7. Defendant RONALD STOTT (Badge No. 14281) ("STOTT"), is or at all relevant times was, a highway patrol officer employed by CHP and State of California, acting under color of law within the course and scope of his duties and office and with ratification by the CHP and one or more of DOE CHP OFFICERS 9-10. Plaintiff alleges on information and belief that Defendant STOTT is responsible in some manner and to some extent liable for the injuries alleged herein. Defendant STOTT is sued in his individual capacity.

8. Defendant MIKE WOMACK (Badge No. 11179) ("WOMACK"), is or at all relevant times was, a highway patrol officer employed by CHP and State of California, acting

under color of law within the course and scope of his duties and office and with ratification by the CHP and one or more of DOE CHP OFFICERS 9-10. Plaintiff alleges on information and belief that Defendant WOMACK is responsible in some manner and to some extent liable for the injuries alleged herein. Defendant WOMACK is sued in his individual capacity.

9. Defendant DOE CHP OFFICERS 3-8 are or at all relevant times were, highway patrol officers employed by CHP and State of California, acting under color of law within the course and scope of their duties and offices and with ratification by the CHP and one or more of DOE CHP OFFICERS 9-10. Plaintiff alleges on information and belief that each of such DOE CHP OFFICERS 3-8 is responsible in some manner and to some extent liable for the injuries alleged herein. The true names and/or capacities of such DOE CHP OFFICERS 3-8 are unknown to Plaintiff at this time. Plaintiff will seek to amend this Complaint to show the true names and capacities of these defendants when they have been ascertained. Defendant DOE CHP OFFICERS 3-8 are sued in their individual capacities.

10. Defendant DOE CHP OFFICERS 9-10 are or at all relevant times were employed by CHP and State of California, acting under color of law within the course and scope of their duties and offices and with ratification by CHP and/or its officers or agents. Plaintiff is informed and believes and thereon alleges that each of such DOE CHP OFFICERS 9-10 was responsible in some way for the administering of CHP and/or for the making, overseeing and implementing of policies, practices and/or customs of CHP, including the training, supervision, discipline or screening of Defendants STOTT, WOMACK, and/or DOE CHP OFFICERS 3-8, such that each of such DOE CHP OFFICERS 9-10 is responsible in some manner and to some extent liable for the injuries alleged herein. The true names and/or capacities of such DOE CHP OFFICERS 9-10 are unknown to Plaintiff at this time. Plaintiff will seek to amend this Complaint to show the true names and capacities of these defendants when they have been ascertained. Defendant DOE CHP OFFICERS 9-10 are sued in their individual capacities.

11. Plaintiff is informed and believes and thereon alleges that each Defendant is, and at all relevant times was, the agent, employee, representative, successor, and/or assignee of each other Defendant. Each Defendant, in doing the acts, or in omitting to act as alleged herein, was acting within the scope of his or her actual and apparent authority or the alleged acts and omissions of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal.

12. Each Defendant was acting under color of state law and within the scope of his or her employment to the extent such Defendant acted or omitted to act as alleged herein.

13. Defendants STOTT, WOMACK, and DOE CHP OFFICERS 3-8 are directly liable for Plaintiff's and decedent's injuries under federal law pursuant to 42 U.S.C. § 1983.

14. Defendants DOE CHP OFFICERS 9-10 are liable for Plaintiff's and decedent's injuries under federal law under principles of 42 U.S.C. § 1983 supervisory liability because, in their role as supervisors, they acted, or failed to act, in a manner that was deliberately indifferent to Plaintiff's (and decedent's) constitutional rights, based on their knowledge of and acquiescence in unconstitutional conduct that caused MR. ALLEN's death and Plaintiff's injuries. *Starr v. Baca* (9th Cir. 2011) 652 F.3d 1202.

## STATEMENT OF FACTS

15. On information and belief, on September 5, 2011, MR. ALLEN died while in custody of Defendants STOTT, WOMACK and possibly other DOE CHP OFFICERS 3-8, apparently during an arrest and/or detainment. MR. ALLEN appears to have been unarmed at the time. After approximately 25 minutes in custody of one or more such officers, and while handcuffed, MR. ALLEN's skin color changed and he stopped breathing. He was transported to Mercy San Juan Medical Center and declared deceased.

16. According to the portion of the investigative report eventually provided to MRS. ALLEN, MR. ALLEN was reported to have been acting "erratically and causing a traffic hazard" in or around the area of Main Ave. and Winding Way at 15:04 on September 5, 2011.

17. Defendant STOTT arrived at the scene at approximately 15:10. He handcuffed MR. ALLEN but did not immediately contact CHP allegedly because the knob had fallen off his portable radio. He also did not immediately search MR. ALLEN allegedly because he did not have gloves. Defendant STOTT observed MR. ALLEN to be in an agitated state and sweating.

18. Defendant WOMACK arrived at 15:20 and the two officers repositioned MR. ALLEN, allegedly while waiting for a "cage car" to arrive.

19. Eventually the officers placed MR. ALLEN on his chest facing down and used a belt retrieved from MR. ALLEN's pocket to strap his legs.

20. At 15:34, Defendant STOTT noticed that MR. ALLEN's "skin color started to change" and MR. ALLEN stopped breathing.

21. Emergency responders arrived and took over patient care at approximately 15:40.

MR. ALLEN was transported to the hospital and declared deceased.

22. MRS. ALLEN alleges that MR. ALLEN had no bruises or evidence of trauma when she last saw him on September 5, 2011, yet photos taken in the aftermath of MR. ALLEN's death show bruising and evidence of trauma in several areas of his face.

23. The coroner's report describes abrasions and contusions of MR. ALLEN's face and extremities, and concludes the cause of death to be "acute methamphetamine toxicity." The report further describes that the injury occurred as "methamphetamine intoxication while under police custody." The clinical impression set forth in the hospital emergency report is cardiopulmonary arrest.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

### (Against all Defendants)

24. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

25. Defendants unjustified actions resulting in MR. ALLEN's death deprived MR. ALLEN of his right to be secure in his person against unreasonable searches and seizures as guaranteed to MR. ALLEN under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

26. As a result, MR. ALLEN suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of MR. ALLEN, and will continue to be so deprived for the remainder of her natural life. Plaintiff also is claiming funeral and burial expenses and a loss of financial support.

27. The beating, excessive force or other unjustified conduct, including improper restraint procedures, perpetrated against MR. ALLEN by Defendants was excessive and unreasonable, especially since MR. ALLEN was only alleged to have been acting erratically but not injuring passerby or cops or anyone else, and was apparently unarmed.

28. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MR. ALLEN and therefore warrants the imposition of exemplary and punitive damages as to such Defendants.

29. Plaintiff's claims against Defendants STOTT, WOMACK and DOE CHP OFFICERS 3-8 are based on principles of direct liability described paragraph 13.

30. Plaintiff's claims against Defendant DOE CHP OFFICERS 9-10 are based on the principles of supervisory liability and conduct described in paragraph 14.

31. Plaintiff brings her claim as successor-in-interest to MR. ALLEN, and seeks both survival and wrongful death damages for the violation of MR. ALLEN's rights and her rights.

32. Plaintiff also seeks attorneys fees under this claim.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)

### (Against all Defendants)

33. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34. The denial of immediate medical care by Defendants to MR. ALLEN deprived MR. ALLEN of his right to be secure in his person against unreasonable searches and seizures as guaranteed to MR. ALLEN under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35. As a result, MR. ALLEN suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of MR. ALLEN, and will continue to be so deprived for the remainder of her natural life. Plaintiff also is claiming funeral and burial expenses and a loss of financial support.

36. Defendants knew that failure to provide timely medical treatment to MR. ALLEN could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing MR. ALLEN great bodily harm and death.

37. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MR. ALLEN and therefore warrants the imposition of exemplary and punitive damages as to such Defendants.

38. Plaintiff's claims against Defendants STOTT, WOMACK and DOE CHP OFFICERS 3-8 are based on principles of direct liability described paragraph 13.

39. Plaintiff's claims against Defendant DOE CHP OFFICERS 9-10 are based on the principles of supervisory liability and conduct described in paragraph 14.

40. Plaintiff brings this claim as successor-in-interest to MR. ALLEN, and seeks both survival and wrongful death damages for the violation of MR. ALLEN's rights and her rights.

41. Plaintiff also seeks attorneys fees under this claim.

### THIRD CLAIM FOR RELIEF

**Substantive Due Process (42 U.S.C. § 1983)**

**(Against all Defendants)**

42. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43. MRS. ALLEN had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her husband, MR. ALLEN.

44. The aforementioned actions of Defendants, along with other undiscovered conduct, shock the conscience, in that such Defendants acted with deliberate indifference to the constitutional rights of MR. ALLEN and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

45. As a result of the use of excessive force or other unjustified conduct, including improper restraint procedures and delay in administering and/or summoning medical care,

perpetrated by Defendants, MR. ALLEN died, and such Defendants acted under color of state law.

46. Defendants thus violated the substantive due process rights of MRS. ALLEN to be free from unwarranted interference with her familial relationship with MR. ALLEN.

47. As a direct and proximate cause of the acts of Defendants, MR. ALLEN experienced severe pain and suffering and lost his life and earning capacity. Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of MR. ALLEN, and will continue to be so deprived for the remainder of her natural life. Plaintiff also is claiming funeral and burial expenses and a loss of financial support.

48. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MR. ALLEN and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to such Defendants.

49. Plaintiff's claims against Defendants STOTT, WOMACK, and DOE CHP OFFICERS 3-8 are based on principles of direct liability described paragraph 13.

50. Plaintiff's claims against Defendant DOE CHP OFFICERS 9-10 are based on the principles of supervisory liability and conduct described in paragraph 14.

51. Plaintiff brings this claim individually and as a successor-in-interest to MR. ALLEN, and seeks both survival and wrongful death damages for the violation of her rights and MR. ALLEN's rights.

52. Plaintiff also seeks attorneys fees under this claim.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants, as follows:

A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B. For funeral and burial expenses, and loss of financial support;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

E. For reasonable costs of this suit and attorneys' fees; and

F. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: October 17, 2013                LAW OFFICES OF YORK & GARVEY

By _____
Sarah L. Garvey
Attorney for Plaintiff LAURIE E. ALLEN,
individually and successor in interest to Keith W. Allen, decedent

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: October 17, 2013                LAW OFFICES OF YORK & GARVEY

By _____
Sarah L. Garvey
Attorney for Plaintiff LAURIE E. ALLEN,
individually and successor in interest to Keith W. Allen, decedent