Darrell J. York, Esq. (SBN 145601)
Sarah L. Garvey, Esq. (SBN 202491)
YORK & GARVEY
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: (866) 908-2121
Telecopier: (877) 221-3306
Email: djylaw@gmail.com
Email: sarahgarvey@yahoo.com

Attorneys for Plaintiff
LAURIE E. ALLEN, individually and as successor in interest of Keith W. Allen, deceased

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE E. ALLEN, individually and as successor in interest of decedent Keith W. Allen, deceased<br><br>   Plaintiff,<br><br>   v.<br><br>RONALD STOTT; MIKE WOMACK; and DOE CHP OFFICERS 3-10, each an individual, inclusive,<br><br>   Defendants. | Case No. 2:13-CV-01821-GEB-EFB<br><br>*Hon. Garland E. Burrell, Jr.*<br><br>**JOINT STATUS REPORT**<br><br>DATE: March 17, 2014<br>TIME:  9:00 a.m.<br>LOCATION: Courtroom 10<br>501 I Street, Room 4-200<br>Sacramento, CA 95814 |

Pursuant to Local Rule 240, Federal Rule of Civil Procedure Rule 26(f), and this Court's Order, the parties hereby submit the following Joint Status Report in connection with this civil rights case that arises out of the death of Keith W. Allen on September 5, 2011 while in custody of the above-referenced Defendants (at the time of the incident, each an officer with the California Highway Patrol) in the County of Sacramento.

Pursuant to Federal Rule of Civil Procedure Rule 26(f), a telephonic conference was held on February 21, 2014 between Sarah L. Garvey, of York &

-1-

Joint Status Report

Garvey, counsel for the Plaintiff, and Oliver R. Lewis, of the California Attorney General's Office, counsel for Defendants.

### a. Status of Service of Process

Both named Defendants have been served. Defendant Ronald Stott, who is still a CHP officer, was served on October 31, 2013. Defendant Mike Womack, who no longer works as a CHP officer, was served on February 5, 2014. Attorney Oliver R. Lewis of the California Attorney General's Office represents both Defendant Stott and Womack.

### b. Possible Joinder of Additional Parties

It is possible that additional "DOE" defendants might emerge through the discovery process, and in that event Plaintiff will seek leave of the Court to amend the pleadings to add such parties. Plaintiff expects to be able to ascertain the existence of any DOES by July 14, 2014.

### c. Anticipated Amendment of Pleadings

Plaintiff anticipates a possible "DOE" amendment as described above.

### d. Jurisdiction and Venue

This Court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper in this Court because the events, occurrences, acts and omissions giving rise to this action occurred in the County of Sacramento, California.

### e. Motions

One or more Defendants may file a motion for summary judgment and/or summary adjudication of issues at the conclusion of discovery.

### f. Anticipated Discovery

Discovery in this case is in its earliest stages and will focus on the events, acts and omissions that resulted in the death of the deceased while in custody of the Defendants. Discovery will include written discovery regarding documents, reports, interviews, investigative documents, and personnel issues regarding the incident and

people involved as well as depositions of witnesses and expert witnesses.  The parties have agreed to exchange initial Rule 26 disclosures on or before March 17, 2014.

### g. Proposed Discovery Plan

#### (1) Rule 26(a)

The parties do not believe any changes should be made in the form or requirement for disclosures under Rule 26(a).  The parties have agreed to exchange initial Rule 26 disclosures on or before March 17, 2014.

#### (2) Discovery Subjects and Timing

Discovery will include subjects relevant to an "excessive force" civil rights case under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.  The parties do not believe it is necessary to conduct discovery in phases or focus on any particular issues.  The parties believe discovery should be completed in accordance with the schedule set forth below.

#### (3) Changes to Discovery

The parties do not believe any changes need to be made in the limitations imposed under the Federal Rules of Civil Procedure or the Local Rules, or that any other limitations need to be imposed.

### h. Scheduling

The parties request the following discovery plan/timetable:

| Matter | Suggested Date |
|---|---|
| Initial Rule 26 Disclosures | March 17, 2014 |
| All Discovery Cut-Off | February 9, 2015 |
| Motion Cut-Off | March 9, 2015 |
| Initial Expert Disclosures | August 4, 2014 |
| Rebuttal Expert Disclosures | September 8, 2014 |

| Settlement Conference Completion | Court's Discretion |
|---|---|
| Pretrial Conference | April 6, 2015 |
| Trial | July 6, 2015 |

### i. Trial Estimate

The parties estimate a trial of 5 to 7 days.

### j. Special Procedures

The parties do not believe any special procedures are appropriate in this case.

### k. Modification of Pretrial Procedures

The parties do not believe there should be a modification of standard pretrial procedures because of the simplicity or complexity of the case.

### l. Related Cases

This case is not related to any other case on file in the Eastern District, including any bankruptcy matter.

### m. Prospects for Settlement

The parties believe it is too early in the discovery and litigation process to evaluate settlement prospects. However, both parties are amenable to the concept of settlement in principle. Subject to the foregoing, the parties are open to the possibility of a settlement conference but request that it be held before a bench officer other than the trial judge.

### n. Other Matters

The parties are not aware of any other matters that may be conducive to the just and expeditious disposition of the case.

[Remainder of Page Intentionally Left Blank]

DATED: February 25, 2014    LAW OFFICES OF YORK & GARVEY

By "/s/ Sarah L. Garvey"

Sarah L. Garvey, Esq.
Attorney for Plaintiff LAURIE E. ALLEN, individually and as successor in interest of Keith W. Allen, deceased

DATED: February 25, 2014    CALIFORNIA ATTORNEY GENERAL'S OFFICE

By_"/s/ Oliver R. Lewis"

Oliver R. Lewis, Esq.
Attorney for Defendants Ronald Stott and Mike Womack