**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAURIE E. ALLEN, individually and as successor in interest of KEITH W. ALLEN, deceased<br>          Plaintiff,<br>     v.<br>RONALD STOTT; MIKE WOMACK; and DOE CHP OFFICERS 3-10, each an individual, inclusive,<br>          Defendants. | Case No. 2:13-CV-01821 GEB EFB<br><br>[~~PROPOSED~~] PROTECTIVE ORDER REGARDING USE OF CERTAIN CALIFORNIA HIGHWAY PATROL RECORDS<br><br>THE HONORABLE EDMUND F. BRENNAN |

GOOD CAUSE HAVING BEEN SHOWN, THE COURT HEREBY ISSUES THE FOLLOWING ORDER:

   Plaintiff and Defendants have requested this Court grant a Protective Order governing use and disclosure of CERTAIN CALIFORNIA HIGHWAY PATROL RECORDS previously requested by Plaintiffs in document demands in this action:

   1. The term "CERTAIN CALIFORNIA HIGHWAY PATROL RECORDS" used in this Order are defined as Unredacted copies of California Highway Patrol Manual:

- Use of Force Policy;
- Transportation of Prisoners Policy;
- Searching Policy;

1

- Control Holds Policy;
- Total Appendage Restraint Procedures Policy (and or "hogtie" procedures); and
- Handcuffing/Standing/Walking/Flex-Cuffing Policy.

2. Plaintiff and her attorneys in this action are expressly prohibited from using or disclosing the CERTAIN CALIFORNIA HIGHWAY PATROL RECORDS obtained pursuant to this Order for any purpose other than the evaluation of the claims and defenses in this action, and for the development, preparation, and presentation of Plaintiff's claims in the present action. Defendants may also use and disclose the identified records for evaluation of the claims and defenses in this action, and for the development, preparation, and presentation of Defendants' defenses in the present action. However, Defendants may also continue to use and disclose the identified records as Defendants and/or the California Highway Patrol would need to use and disclose them in the ordinary course of business and/or for any other present or future litigation (criminal, civil, and/or administrative) and/or personnel matters in which the records may need to be used or disclosed.

3. Such permitted use includes disclosure of the CERTAIN CALIFORNIA HIGHWAY PATROL RECORDS to the following described persons or entities in the course of this action, all of whom shall be advised of the requirements of this stipulation and the obligation for them to also comply with the protective order:

a. The parties' attorneys of record in this action, and members of the paralegal, secretarial, and clerical staff employed or retained by the parties' attorneys of record and assisting in connection with this action.

b. Members of the data entry and data processing staff employed or retained by the parties' attorneys of record and assisting in the development or use of data retrieval systems in connection with this action.

c. Court reporters employed by a party holding depositions to transcribe

the testimony produced in any depositions necessitated by this action. Every court reporter shall separately bind transcript exhibits consisting of any of the CERTAIN CALIFORNIA HIGHWAY PATROL RECORDS and shall place on the first page of each such bound portion the following legend:

> This transcript contains documents designated confidential pursuant to the Protective Order Regarding Use of Certain California Highway Patrol Records in the case of *Allen v. Stott, et al.*, United States District Court for the Eastern District of California, Case Number Case No. 2:13-CV-01821 GEB EFB. These documents are not to be disclosed to anyone to whom their disclosure is not expressly permitted by said protective order.

d. Expert witnesses retained by the parties either for consultation in the course of preparation of their claims or defenses for trial and/or for use by such expert witnesses in the preparation of their testimony for deposition or trial and for giving actual testimony.

e. Those members of the California Highway Patrol (including said agency's Staff Attorneys assigned to handle this litigation) and/or other State agencies, entities, or officials who must be consulted on settlement offers or negotiations.

f. Those personnel employed by copy services and exhibit production service companies that may be hired by the parties' counsel to duplicate documents and/or to prepare trial exhibits in this action.

g. Jury consultants hired by the parties to assist in the trial of this matter.

h. A mutually-agreed-upon mediator retained by the parties' attorneys of record.

4. All documents subject to this stipulation shall be marked "Confidential."

5. If any papers to be filed with the Court have been marked "Confidential," the proposed filing shall be accompanied by an application pursuant to Eastern

District Local Rule 141 to file the papers or the portion thereof containing the designated information (if such portion is segregable) under seal. Such application shall be directed to the judge to whom the papers are directed. For motions, the parties shall file a redacted version of the motion and supporting papers. Regardless of any stipulation by the parties or the fact that documents have been marked "Confidential," the Court will make the determination, on a document-by-document basis, whether there is good cause for documents submitted by the parties in connection with filings or at trial to be kept under seal.

    6. At the conclusion of this action (which will be the point at which a final judgment has been rendered and all appellate avenues of relief by any parties have been exhausted), Plaintiff and her attorneys of record are ordered to either: (1) return all copies of the CERTAIN CALIFORNIA HIGHWAY PATROL RECORDS to counsel for Defendants, or (2) destroy all copies of the records. This Order does not require destruction of the originals of such records as they are kept and used in the ordinary course of business by Defendants and the California Highway Patrol.

    7. The Court may modify the Protective Order in the interests of justice or for public policy reasons.

    8. Defendant shall produce to Plaintiff's counsel all records covered hereby within 30 days of the issuance of the Protective Order.

    IT IS SO ORDERED.

Dated:  December 29, 2014.

                                EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE