UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE E. ALLEN, INDIVIDUALLY AND AS SUCCESSOR IN INTERESET OF KEITH W. ALLEN, DECEASED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD STOTT and MIKE WOMACK,<br><br>　　　　　Defendants. | No.  2:13-cv-01821-MCE-EFB<br><br>**SUPPLEMENTAL PRETRIAL SCHEDULING ORDER** |

After review of the docket, the Court makes the following Supplemental Pretrial Scheduling Order.

Discovery and the period for filing dispositive motions shall remain closed. Within fourteen (14) calendar days from the date of this Order, counsel is directed to contact the Courtroom Deputy Clerk for the Honorable Carolyn K. Delaney, for the scheduling of a settlement conference.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.

///

///

At least seven (7) calendar days before the settlement conference, counsel for each party shall submit to the chambers of the settlement judge a confidential Settlement Conference Statement.  Such statements are neither to be filed with the Clerk nor served on opposing counsel.  Each party, however, shall serve notice on all other parties that the statement has been submitted.

## FINAL PRETRIAL CONFERENCE

A Final Pretrial Conference is set on **October 6, 2016, at 2:00 p.m.,** in courtroom 7.  At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

The parties shall file, not later than **September 22, 2016**, a Joint Final Pretrial Conference Statement.  The provisions of Local Rule 281 shall apply with respect to the matters to be included in the Joint Final Pretrial Conference Statement.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the Court with a plain, concise statement that identifies every non-discovery motion tendered to the Court and its resolution.  Failure to comply with Local Rule 281, as modified by this Trial Setting Order, may be grounds for sanctions.

At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word, the Joint Final Pretrial Statement in its entirety including the witness and exhibit lists.  **These documents shall be sent to mceorders@caed.uscourts.gov.**

///

///

The parties should identify first the core undisputed facts relevant to all claims. The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim. The disputed facts should be identified in the same manner. Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party. Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs. Points of law should reflect issues derived from the core undisputed and disputed facts. Parties shall not include argument or authorities with any point of law.

The parties are reminded that pursuant to Local Rule 281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial. After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists. These list(s) shall not be contained in the body of the Joint Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's(s') exhibits shall be listed numerically. Defendant's(s') exhibits shall be listed alphabetically. The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for plaintiff(s) and blue for defendant(s). In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc. After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion at trial. Placement of the exhibit sticker shall not overlie any part of the exhibit to be offered. All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. All photographs shall be marked individually.

The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses.  In the event that Plaintiff(s) and Defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first identified</u>.  The Court cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the Court's processes.

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the Court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the Joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the Court deems appropriate.

## TRIAL BRIEFS

The parties shall file trial briefs not later than **September 22, 2016**.  Counsel are directed to Local Rule 285 regarding the content of trial briefs.

///

///

///

///

**MOTIONS IN LIMINE**

Any evidentiary or procedural motions are to be filed by **September 15, 2016.** Oppositions must be filed by **September 22, 2016** and any reply must be filed by **September 29, 2016**. The motions will be heard by the Court at the same time as the Final Pretrial Conference.

**TRIAL SETTING**

The jury trial is set on **November 28, 2016, at 9:00 a.m**., in courtroom 7. Trial is confirmed for seven (7) days.

The parties are reminded that pursuant to Federal Rules of Civil Procedure Rule 16(b), the Trial Setting Order shall not be modified except by leave of court upon a showing of **good cause**. Agreement by the parties pursuant to stipulation alone to modify the Trial Setting Order does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

This Trial Setting Order will become final without further order of the Court unless objections are filed within seven (7) court days of service of this Order.

IT IS SO ORDERED.

DATED: May 3, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE