# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

LAURIE E. ALLEN, individually and as successor in interest of KEITH W. ALLEN, deceased,

    Plaintiff,

v.

CALIFORNIA HIGHWAY PATROL, et al.,

    Defendants.

No. 2:13-cv-01821-MCE-EFB

**ORDER**

This matter was set for trial on June 5, 2017. Defendants, however, filed a Motion to Modify Pretrial Scheduling Order, ECF No. 59, on March 27, 2017. In that Motion, Defendants seek to continue the trial until September 11, 2017. Defendants also filed an Ex Parte Application to shorten the time for hearing that Motion. ECF No. 60. That Ex Parte Application was GRANTED, ECF No. 68, staying all pretrial dates pending resolution of Defendants' Motion. It also provided Plaintiff an opportunity to file an opposition to the Motion, of which she has taken advantage. ECF No. 69. After consideration of the Motion and Plaintiff's Opposition, the Court finds good cause exists to modify the pretrial scheduling order and GRANTS Defendant's Motion.

///

///

1

**STANDARD**

Generally, the Court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b). The scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e). Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but orders"following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992)

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Johnson, 975 F.2d at 609. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. Id. (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)). If the moving party was not diligent, the Court's inquiry should end. Id.

**DISCUSSION**

Defendants aver that this case was previously assigned to Kevin W. Reager, who went on medical leave in January 2017. Meshot Decl., ECF No. 59-2, ¶ 3. He was expected to return to work on February 6, 2017, and so the case continued to be assigned to him. Id. However, in February 2017, his medical leave was extended to March 6, 2017, and though the case continued to be assigned to him. Id. ¶ 4.

Sometime in mid-to-late March, Reager's return became uncertain and the case was assigned to two new attorneys, Vickie P. Whitney and Krista J. Dunzweiler. Defendants aver that transferring the case to Whitney and Dunzweiler only in mid-to-late March despite the extension of Reager's leave was in good faith and due, in part, to staffing shortages in the Tort and Condemnation Section of the Attorney General's Office. Id.

The Court finds that Reager's medical leave and uncertain return constitute good cause for modifying the Pretrial Scheduling Order. Plaintiff only generally claims prejudice would occur from continuing trial, stating that "[w]ith each continuance, Plaintiff becomes more demoralized, and the possibility that witnesses may become unavailable or that witnesses' memories will fade increases." Pl.'s Opp'n, at 2. While such concerns are understandable, absent a more particularized demonstration of prejudice, the Court is not persuaded that a continuance is inappropriate.

**CONCLUSION**

For the reasons provided, Defendants' Motion to Modify Pretrial Scheduling Order, ECF No. 59, is GRANTED. The trial is continued to November 27, 2017 at 9:00 a.m. Furthermore, the Final Pretrial Conference is continued to October 5, 2017 at 2:00 p.m. The parties' Final Pretrial Conference Statement, Trial Briefs, and Motions in Limine are due September 7, 2017. Any oppositions to the Motions in Limine are due September 21, 2017, and any replies are due on September 28, 2017.

IT IS SO ORDERED.

Dated: April 12, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE