UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE E. ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>Defendants. | No. 2:13-cv-01821-MCE-EFB<br><br>**ORDER** |

Plaintiff in this case pursued various causes of action arising out of the in-custody death of Keith W. Allen ("Decedent"), to whom Plaintiff Laurie E. Allen ("Plaintiff") had purportedly been married. Shortly before this case was to be tried, Defendants filed a Motion for Summary Judgment, or in the alternative, a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) arguing that Plaintiff was not actually married to the Decedent at the time of his death nor was she his putative spouse under California law. The Court subsequently determined that the issue of Plaintiff's standing, and more specifically the factual issue as to Plaintiff's status as a putative spouse, should be tried to the Court. An evidentiary hearing was held on February 6, 2018, after which the Court issued findings of fact and conclusions of law determining that Plaintiff was neither Decedent's legal or putative spouse at the time of his death. Accordingly, the Court

granted Defendants' Motion and judgment was entered in their favor.

Presently before the Court is Defendants' subsequent Motion for Sanctions. ECF No. 99. According to Defendants, Plaintiff's attorneys should be held accountable under 28 U.S.C. § 1927[1] and/or the Court's inherent power for $39,241.50 in fees, which is "the amount Defendants had to incur unnecessarily due to the unreasonable and vexatious manner in which Plaintiff's attorneys forced Defendants to continue to litigate this case to evidentiary hearing in the face of incontrovertible evidence that Plaintiff was neither the legal nor putative spouse of Keith Allen (Decedent)." Mot. at 1. Defendant's Motion is DENIED.

Having reviewed the record in its entirety, and having presided over an evidentiary hearing in this case, the Court finds no evidence that Plaintiff's counsel proceeded recklessly or in bad faith. The issue of Plaintiff's standing turned on whether she held a subjective belief that she was married to the Decedent at the time of his death. Both sides offered objective evidence going to that issue, and the Court ultimately ruled in Defendants' favor. But that ruling alone does not mean that Plaintiff's counsel was vexatious in vigorously advocating for Plaintiff. To the contrary, the Court was required to hear evidence to determine for itself what exactly Plaintiff understood or believed. Given that, the Court concludes that Plaintiff's counsel did not vexatiously or unreasonably cause Defendants' to incur unnecessary costs. Defendants' Motion (ECF No. 99) is thus DENIED.

IT IS SO ORDERED.

Dated: November 5, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Section 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."